**Linda MATERAZZI, Plaintiff,**

v.

**ATLAS VAN LINES, INC., and Avatar Moving Systems, Inc., Defendants.**

**No. 00 CV 6642.**

United States District Court, E.D. New York.

Aug. 23, 2001.

Rosenthal & Curry by Edward M. Rosenthal, East Meadow, NY, for Plaintiff.

Barry N. Gutterman & Associates by Barry N. Gutterman, and Ilene J. Feldman, New York City, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This diversity action involves claims by the Plaintiff, Linda Materazzi, against Defendants Atlas Van Lines, Inc. ("Atlas") and Avatar Moving Systems, Inc. ("Avatar") arising from an incident in which the Plaintiff's belongings were allegedly damaged while being transported by the Defendants from Oyster Bay, New York to Lighthouse Point, Florida, as a result of the negligence of the Defendants. Presently before the court is a motion to dismiss by the Defendants for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

### BACKGROUND

According to the complaint, on or about March 23, 1999, the Plaintiff made arrangements with Mayflower Transit Inc. ("Mayflower"), the corporate predecessor of Defendant Atlas, to transport her belongings from New York to Florida. Mayflower then hired Defendant Avatar to act as its agent to actually carry out the move.

On or about May 22, 1999, Avatar moved the Plaintiff's belongings to Florida. The Plaintiff contends that, because of the Defendants' negligence, her property was lost and/or damaged during the trip. The Plaintiff further claims that her requests for replacement and repair of her belongings were ignored. The Plaintiff then commenced this common law negligence action in Supreme Court, Nassau County, and on November 11, 2000, the Defendants removed the case to this Court on the basis of diversity.

Atlas and Avatar move to dismiss the Plaintiff's claims on the ground that these claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (formerly 49 U.S.C. § 11707, see P.L. 104–88 [1995] ). Accordingly, they contend, the Carmack Amendment provides the only remedy against an interstate carrier for damage to transported goods. The Plaintiff did not file papers opposing this motion.

### DISCUSSION

In deciding a motion under Fed.R.Civ.P. 12(b)(6) the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). Therefore, a motion to dismiss for failure to state a claim may only be granted if it appears, beyond doubt, that the plaintiff can prove no facts in support of his claim which would then entitle him to relief. *Id.*

■ The Defendants contend that the Carmack Amendment preempts state law claims for loss or damage to goods shipped in interstate commerce.

The Carmack Amendment was passed in 1906 to address, among other things, a common carrier's liability for loss or damage to goods during shipment. That statute reads, in relevant part:

A carrier providing transportation or service under chapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service [under this Act] are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier. . . .

49 U.S.C. § 14706(a)(1).

■ Federal preemption of state and common law occurs when "Congress ex-

pressly provides that the federal law supplants state authority in a particular field, or when its intent to do so may be inferred from a pervasive system of regulation which does not leave a sufficient vacancy within which any state can act ... Preemption may also be inferred where state legislation would impede the purposes and objectives of legislation enacted by Congress." *Shao v. Link Cargo (Taiwan) Ltd.,* 986 F.2d 700, 704 (4th Cir.1993).

The Second Circuit has previously held that the Carmack Amendment fully occupies its particular field and thus completely preempts state common law. *North American Phillips Corp. v. Emery Air Freight Corp.,* 579 F.2d 229, 233–34 (2d Cir.1978) ("Congress has created a broad, comprehensive scheme covering the interstate shipment of freight, aimed at preventing preferential treatment among shippers and establishing national equality of rates and services. *This has occupied the field to the exclusion of state law.*") (emphasis added); *see also Cleveland v. Beltman North American Co.,* 30 F.3d 373, 377–78 (2d Cir.1994) (reiterating the holding of *North American* ); *Commercial Union Ins. Co. v. Forward Air, Inc.,* 50 F.Supp.2d 255, 257 (S.D.N.Y.1999) (*quoting Cleveland* ); *Ash v. Artpack, Intl.,* 1998 WL 132932 (S.D.N.Y.1998) (same).

The *Cleveland* case involved identical facts to those at issue here: the plaintiffs had contracted with a common carrier to transport their household belongings from Iowa to New York, only to find that the carrier's alleged negligence resulted in loss and damage to the goods. 30 F.3d at 374–75. The Second Circuit recognized that Carmack Amendment precluded not only state common law remedies, but federal common law claims as well. 30 F.3d at 381.

In fact, the preemptive effect of the Carmack Amendment on state law has been recognized for nearly a century. In *Adams Express v. Croninger,* 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913), the defendant, a shipping company engaged in interstate commerce, was being sued by the plaintiff for failing to deliver a package. The Supreme Court observed that arguments that state common law could coexist with the Carmack Amendment were "untenable." *Id.* at 507. Since this decision was handed down, "every circuit court that has considered the issue has relied upon the court's reasoning in *Adams Express* to conclude likewise that the Carmack Amendment preempts a shipper's state and common law claims of breach of contract and negligence for goods lost or damaged by a carrier during interstate shipment under a valid bill of lading." *Shao,* 986 F.2d at 705.

Because the Plaintiff here alleges claims only under New York common law, those claims are preempted by the Carmack Amendment and must therefore be dismissed.

### CONCLUSION

For the foregoing reasons, the motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) is GRANTED. The complaint is dismissed without prejudice, and the Clerk of the Court is directed to close this case.

**SO ORDERED.**